J. S08026/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| EMMITT J. GRIER, JR., | : | No. 847 WDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, May 27, 2016,
in the Court of Common Pleas of Erie County
Criminal Division at No. CP-25-CR-0002646-1999

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., AND SOLANO, J.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED APRIL 17, 2017**

Emmitt J. Grier, Jr., appeals from the May 27, 2016 order entered in the Court of Common Pleas of Erie County which dismissed his third petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court set forth the extensive procedural history of this case, as follows:

> On August 31st, 1999, [a]ppellant was arrested and charged with two counts of Rape by Forcible Compulsion, in violation of 18 Pa.C.S.[A.] § 3121(a)(1), one count of Criminal Attempt – Rape, in violation of 18 Pa.C.S.[A.] § 901(a), three counts of Unlawful Restraint – Risking Serious Bodily Injury, in violation of 18 Pa.C.S.[A.] § 2902(1), one count of Kidnapping to Facilitate a Felony, in violation of 18 Pa.C.S.[A.] § 2901(a)(2), and one count of Burglary, in violation of 18 Pa.C.S.[A.] § 3502(a), regarding three separate incidents occurring on

June 30th, 1998; November 12th, 1998 and August 31st, 1999.[1] Appellant's counsel, A.J. Adams, Esq., filed a Motion for Competency Evaluation and Continuance on March 8th, 2000, which was granted by Judge William R. Cunningham on March 8th, 2000. A.J. Adams, Esq., filed a Motion to Withdraw as Counsel on April 18th, 2000, citing "a personality conflict." Judge Cunningham granted Attorney Adam's [sic] Motion to Withdraw as Counsel on April 20th, 2000 and appointed the Erie County Public Defender's Office to represent [a]ppellant. Appellant's counsel, James A. Pitonyak, Esq., filed a Notice of Alibi Defense on May 26th, 2000.

A [j]ury [t]rial was held before the undersigned judge from June 20th to June 22nd, 2000. The jury found [a]ppellant guilty of Counts 1 & 2 at docket no. 2646-1999, Counts 1 & 2 at docket no. 2647-1999[Footnote 1], and Counts 1, 2 & 3 on 2648-1999. On August 10th, 2000, this Trial Court sentenced [a]ppellant [to an aggregate term of imprisonment of 28 ½ to 75 years].

> [Footnote 1] Count 3: Kidnapping to Facilitate a Felony at docket no. 2647-1999 was withdrawn by the Commonwealth.

. . . .

---

[1] The record reflects that appellant's convictions resulted from three separate incidents that involved the same victim, who was the mother of appellant's girlfriend and the grandmother of his children. (Notes of testimony, 6/20/00 at 43.) The victim testified that on June 30, 1998, she was in bed and lying on her stomach when she felt someone on her back who then taped her eyes and her head before he raped her. (*Id.* at 31-32.) The victim further testified that on November 12, 1998, she was driving her van when she heard noise coming from the rear of the van, and "then the next thing [she knew,] the hood of [her] coat [came] over [her] face and he tape[d] the hood around [her] neck so that [her] face [was] covered" before he attempted to rape her. (*Id.* at 46.) The victim also testified that on August 31, 1999, appellant arrived at her home claiming to need water and then raped her. (*Id.* at 55-62.)

Appellant, by and through Attorney Pitonyak, filed a Motion for Judgment of Acquittal/Motion for a New Trial/Motion for Reconsideration and/or Modification of Sentence on August 15th, 2000, which were denied by this Trial Court on August 15th, 2000. Appellant, by and through Attorney Pitonyak, filed a Notice of Appeal to the Pennsylvania Superior Court on August 30th, 2000. The Pennsylvania Superior Court affirmed [a]ppellant's judgment of sentence on [August 15], 2001. Appellant filed a *pro se* Petition for Allowance of Appeal to the Pennsylvania Supreme Court on October 15th, 2001, which was denied on [April 24], 2002.

Appellant, *pro se*, filed his first PCRA Petition on August 6th, 2002. On August 7th, 2002, this Trial Court appointed William J. Hathaway, Esq., as [a]ppellant's PCRA counsel and directed Attorney Hathaway to supplement/amend [a]ppellant's first PCRA Petition within thirty (30) days. Following a request for extension of time, which was granted, Attorney Hathaway filed a Supplement to [a]ppellant's first PCRA Petition on October 1st, 2002. By Order dated October 3rd, 2002, this Trial Court directed the Commonwealth to respond to [a]ppellant's first PCRA Petition within thirty (30) days. Assistant District Attorney Chad J. Vilushis filed a Response to [a]ppellant's first PCRA Petition on October 24th, 2002. Following two Evidentiary Hearings on November 27th, 2002 and December 23, 2002, this Trial Court dismissed [a]ppellant's first PCRA Petition on January 24th, 2003.

On April 10th, 2003, upon consideration of correspondence received from [a]ppellant on April 9th, 2003[Footnote 2], wherein [a]ppellant requested his right to appeal the dismissal of his first PCRA Petition be granted *nunc pro tunc*, this Trial Court directed the Commonwealth to respond to [a]ppellant's correspondence within fourteen (14) days. Assistant District Attorney Chad J. Vilushis filed a Response on April 11th, 2003 objecting to the reinstatement of [a]ppellant's right to appeal. Following an Evidentiary Hearing on May 19th, 2003,

this Trial Court granted [a]ppellant's second PCRA Petition, reinstated [a]ppellant's right to appeal the dismissal of his first PCRA Petition ***nunc pro tunc*** and directed Attorney Hathaway to file said appeal within thirty (30) days. On June 5th, 2003, [a]ppellant, by and through Attorney Hathaway, filed a Notice of Appeal to the Pennsylvania Superior Court. On September 23rd, 2003, [a]ppellant filed a Motion for Appointment of New Counsel, which this Trial Court denied on September 24th, 2003. The Pennsylvania Superior Court affirmed the dismissal of [a]ppellant's first PCRA Petition on [March 25], 2004. Appellant, by and through Attorney Hathaway, filed a Petition for Allowance of Appeal to the Pennsylvania Supreme Court on May 18th, 2004, which was denied on [November 30], 2004.

> [Footnote 2] Appellant's April 9th, 2003 correspondence was treated as [a]ppellant's second PCRA Petition. William J. Hathaway, Esq. consented to assist Appellant.

On January 6th, 2005, [a]ppellant filed a ***pro se*** 42 U.S.C. § 1983 claim in the United States District Court for the Western District of Pennsylvania against Superintendent Edward J. Klem, Erie County District Attorney's Office, the Commonwealth of Pennsylvania and the Office of Prothonotary, claiming these parties violated his procedural due process rights by refusing him access to the rape kits for DNA testing. Appellant filed a ***pro se*** Motion for Summary Judgment on July 28th, 2005, which was dismissed as premature by United States District Magistrate Judge Susan Paradise Baxter on August 1st, 2005. Edward J. Klem, by and through his counsel, Mary L. Friedline, Esq., filed a Motion to Dismiss on October 4th, 2005. The Erie County District Attorney's Office, by and through its counsel, Matthew J. McLaughlin, Esq., Assistant Solicitor for Erie County, filed a Motion to Dismiss on January 23rd, 2006. On January 24th, 2006, United States District Judge Sean J. McLaughlin, who was initially assigned to preside over [a]ppellant's § 1983

- 4 -

claim, recused himself and reassigned the matter to Senior United States District Judge Maurice B. Cohill, Jr. Appellant filed a second *pro se* Motion for Summary Judgment on March 30th, 2006, and filed a third *pro se* Motion for Summary Judgment on April 10th, 2006. On May 15th, 2006, Judge Baxter filed her Report and Recommendation, wherein she recommended Edward J. Klem's and the Erie County District Attorney's Office's Motions to Dismiss be granted and [a]ppellant's two Motions for Summary Judgment be dismissed as "an improper attempt to collaterally attack his state court criminal conviction and sentence." By Order dated June 29th, 2006, Judge Cohill, Jr. adopted Judge Baxter's Report and Recommendation, granted Edward J. Klem's and the Erie County District Attorney's Office's Motions to Dismiss and denied [a]ppellant's two Motions for Summary Judgment. Appellant filed a Notice of Appeal to the United States Court of Appeals for the Third Circuit on July 26th, 2006. On January 12th, 2010, the United States Court of Appeals for the Third [Circuit], in an Opinion published by Senior United States Circuit Judge Franklin S. Van Antwerpen, vacated Judge Cohill, Jr.'s Order and remanded for further proceedings, holding the case of *Heck v. Humphrey*, 512 U.S. 477 (1994), does not bar a § 1983 claim requesting access to evidence for post-conviction DNA testing. On remand, Judge Baxter, in a Report and Recommendation dated September 19th, 2011, determined [a]ppellant's procedural due process rights had been violated and recommended [a]ppellant's Motion for Summary Judg[ment] be granted. On October 19th, 2011, Judge Cohill, Jr. adopted Judge Baxter's Report and Recommendation and granted [a]ppellant's Motion for Summary Judgment, wherein final judgment for [a]ppellant was entered on November 10th, 2011. The Erie County District Attorney's Office filed a Notice of Appeal to the United States Court of Appeals for the Third Circuit. Prior to a decision being rendered by the United States Court of Appeals for the Third Circuit, the parties agreed upon a Stipulated Order for Post-Conviction DNA Testing and filed a Joint Motion

for Entry of Consent Judgment on September 10th, 2012. The Erie County District Attorney's Office filed a Motion to Voluntar[ily] Dismiss the Appeal, which was granted on September 17th, 2012.

The rape kits were submitted to Bode Technology in Lorton, Virginia for testing. A Forensic Case Report dated January 31st, 2013 and a Supplemental Forensic Case Report dated October 5th, 2014 were both submitted. Upon receiving these Reports, [a]ppellant filed the instant *pro se* PCRA Petition, his third, on January 9th, 2015. This Trial Court appointed William J. Hathaway, Esq., as [a]ppellant's PCRA counsel on January 22nd, 2015. Attorney Hathaway filed a Motion to Withdraw as Counsel on January 28th, 2015, citing a conflict. This Trial Court granted Attorney Hathaway's Motion to Withdraw on February 4th, 2015, and appointed Thomas D. Brasco, Jr., Esq., as [a]ppellant's PCRA counsel, who was directed to supplement/amend [a]ppellant's third PCRA Petition within thirty (30) days. Following several extensions, Attorney Brasco filed a Supplement to [a]ppellant's third PCRA Petition on January 22nd, 2016. On January 26th, 2016, this Trial Court directed the Commonwealth to respond to the Supplement to [a]ppellant's third PCRA Petition within thirty (30) days. Assistant District Attorney Michael E. Burns filed a Response to Supplement to Motion for Post-Conviction Collateral Relief on February 24th, 2016. An Evidentiary Hearing was scheduled for April 18th, 2016, where, by Stipulation, counsel only presented oral arguments. Following the Evidentiary Hearing, this Trial Court filed its Notice of Intent to Dismiss Appellant's third PCRA Petition as patently untimely and stating no grounds for which relief may be granted under the [PCRA]. Appellant filed Objections to PCRA Court's Notice of Intent to Dismiss on May 27th, 2016. On May 27th, 2016, this Trial Court dismissed [a]ppellant's third PCRA Petition.

Appellant filed a Notice of Appeal to the Superior Court on June 10th, 2016. This Trial Court filed its 1925(b) Order on June 10th, 2016. Appellant

filed a Motion for Extension of Time to file a Concise Statement on [June 30], 2016, which was granted by this Trial Court on July 1st, 2016 and provided an additional five (5) days for [a]ppellant to file his Concise Statement. On July 6th, 2016, [a]ppellant filed his Concise Statement of Errors Complained of on Appeal.

PCRA court opinion, 8/9/16 at 2-6.

Appellant raises the following issues for our review:[2]

1. Was the trial Court's use of, and citation to, remarks made by Attorney James Pitonyak at the PCRA argument, held November 27, 2002, to determine whether an evidentiary hearing shall be held, improper and an abuse of discretion, and therefore a denial of [appellant's] 14th Amendment Due Process Rights, in that Attorney Pitonyak essentially offered factual evidence to be considered when the purpose of the hearing was to determine whether an evidentiary hearing was necessary?

2. Should this Court apply the point of law in **Commonwealth v. Hawk**[, 709 A.2d 373 (Pa. 1998),] requiring any and all DNA testing results where identification is at issue in a trial to go to a jury to the PCRA statute concerning DNA testing?

3. Does acknowledgment by the Western District of [Pennsylvania] federal court that [appellant's] procedural due process rights had been violated by barring [appellant] access to DNA testing toll the timeliness of filing of any subsequent PCRA petition?

4. Did a miscarriage of justice occur, and has it been occurring, since the PCRA hearing held by Judge Domitrovich, on November 27, 2002,

---

[2] Present appellate counsel was appointed following appellant's filing of a **pro se** notice of appeal.

> where Attorney James Pitonyak offered fact evidence to the Court, without being sworn, and offered testimonial evidence in a non-evidentiary hearing, and then was cited to by Trial Court, PCRA Court, Third Circuit Court, and Western District of [Pennsylvania] Court as valid evidence of trial strategy without offering [appellant] the right to confront the "witness", in violation of the Conflict Clause of the 6th Amendment of the Constitution?

Appellant's brief at 5-6.

We limit our review of a PCRA court's decision to examining whether the record supports the PCRA court's findings-of-fact and whether its conclusions of law are free from legal error. **Commonwealth v. Mason**, 130 A.3d 601, 617 (Pa. 2015) (citations omitted). We view the PCRA court's findings and the evidence of record in a light most favorable to the prevailing party. **Id.**

All PCRA petitions, including second and subsequent petitions, must be filed within one year of when a defendant's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The Pennsylvania Supreme Court has held that the PCRA's time restriction is constitutionally sound. **Commonwealth v. Cruz**, 852 A.2d 287, 292 (Pa. 2004). In addition, our supreme court has instructed that the timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, a court lacks

jurisdiction over the petition. *Commonwealth v. Callahan*, 101 A.3d 118, 120-121 (Pa.Super. 2014) (courts do not have jurisdiction over an untimely PCRA); *see also Commonwealth v. Wharton*, 886 A.2d 1120 (Pa. 2005).

Here, the trial court sentenced appellant on August 10, 2000. Appellant filed timely post-trial motions, which the trial court denied. On August 30, 2000, appellant filed a direct appeal to this court. Subsequently, on August 15, 2001, this court affirmed appellant's judgment of sentence. *Commonwealth v. Grier*, 785 A.2d 1028 (Pa.Super. 2001) (decision without published opinion). On April 24, 2002, our supreme court denied appellant's petition for allowance of review. *Commonwealth v. Grier*, 797 A.2d 910 (Pa. 2002). Consequently, appellant's judgment of sentence became final on July 23, 2002, which was 90 days after our supreme court denied discretionary review on April 24, 2002. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903; *Commonwealth v. Cintora*, 69 A.3d 759, 763 (Pa.Super. 2013). Therefore, appellant's petition, filed nearly 13 years later on January 9, 2015, is facially untimely. As a result, the PCRA court lacked jurisdiction to review appellant's petition, unless appellant alleged and proved one of the statutory exceptions to the time-bar, as set forth in 42 Pa.C.S.A. § 9545(b)(1).

Those three narrow exceptions to the one-year time-bar are: when the government has interfered with the appellant's ability to present the claim, when the appellant has recently discovered facts upon which his PCRA

claim is predicated, or when either the Pennsylvania Supreme Court or the United States Supreme Court has recognized a new constitutional right and made that right retroactive. 42 Pa.C.S.A. § 9545(b)(1)(i-iii); **Commonwealth v. Brandon**, 51 A.3d 231, 233-234 (Pa.Super. 2012). The appellant bears the burden of pleading and proving the applicability of any exception. 42 Pa.C.S.A. § 9545(b)(1). If an appellant fails to invoke a valid exception to the PCRA time-bar, this court may not review the petition. **See** 42 Pa.C.S.A. § 9545(b)(1)(i-iii).

Although appellant raises a myriad of complaints that, for the most part, challenge the dismissal of his first PCRA petition wherein he alleged ineffective assistance of trial counsel for failure to pursue DNA testing, the gravamen of appellant's complaint is that he is entitled to "a new trial based upon the DNA evidence showing that he, while could [sic] not be excluded as a potential perpetrator of the first completed rape, but also showing that he may not necessarily be included." (Appellant's brief at 32-33.) Appellant seemingly attempts to invoke the new-facts exception to the one-year time bar set forth in 42 Pa.C.S.A. § 9545(b)(1)(ii). The PCRA requires that all petitions invoking an exception must be filed within 60 days of the date the claim could have been presented. **Id.** at 9545(b)(2).

The record before us fails to demonstrate when appellant received the October 5, 2014 supplemental DNA test report upon which he rests his claim, but the record does reflect that appellant filed the instant **pro se**

- 10 -

petition on January 9, 2015, which was 96 days after the date of the report. Appellant has failed to come forth with any evidence to demonstrate that he filed his petition within 60 days of learning of the DNA test results or that his tardiness can be excused by the prisoner mailbox rule. **_See Commonwealth v. Jones_**, 700 A.2d 423, 426 (Pa. 1997) (extending prisoner mailbox rule to all appeals by **_pro se_** prisoners). Therefore, appellant's petition appears to be untimely. But even if the petition was timely, dismissal was nevertheless warranted.

In analyzing a claim of new facts under Subsection 9545(b)(1)(ii), our supreme court in **_Commonwealth v. Bennett_**, 930 A.2d 1264, 1271 (Pa. 2007), made clear that the exception set forth in Subsection (b)(1)(ii) does not require any merits analysis of the underlying claim. Rather, the exception merely requires that the facts upon which the claim is predicated must not have been known to appellant and could not have been ascertained by due diligence. **_Id._** (citation omitted). Therefore, the plain language of Subsection (b)(1)(ii) is not so narrow as to limit itself to only claims involving after-discovered evidence. **_Id._** at 1272. Rather, Subsection (b)(1)(ii) has two components, which appellant must allege and prove: (1) that the facts upon which the claim was predicated were unknown and (2) that those facts could not have been ascertained by the exercise of due diligence. **_Id._** If the petitioner alleges and proves these two components,

then the PCRA court has jurisdiction over the claim under this subsection. ***Id.*** (citation omitted).

Appellant asserts that the new facts are the results of the DNA testing contained in the October 5, 2014 supplemental report. In order to be eligible for relief, the PCRA requires that the evidence was unavailable at the time of trial. ***See*** 42 Pa.C.S.A. § 9543(a)(2)(vi). The record reflects that appellant raised an ineffective assistance of counsel claim in his first PCRA wherein he alleged trial counsel's ineffectiveness for failure to request DNA testing. The record further reflects that the PCRA court held a hearing on November 27, 2002, at which time trial counsel "just happened to walk in[to]" the courtroom and stated that "[appellant] did not request [DNA] testing himself." (Notes of testimony, 11/27/02 at 7-8.) The Commonwealth then stated that the "main reason [it] did not go forward with DNA testing" was because "[appellant] had basically given a video taped [sic] confession." (***Id.*** at 7.) Subsequently, the PCRA court entered an order that denied appellant relief.

Although appellant takes issue with trial counsel's statement at the November 27, 2002 PCRA hearing that appellant did not request DNA testing because counsel was not under oath, the record demonstrates that the main reason why appellant was unable to obtain DNA testing in his first PCRA was because of his confessions. In 2011, our supreme court held that "a confession, even if previously and finally adjudicated as voluntary, does not

constitute a **per se** bar to establishing a prima facie case, and the convicted person may, therefore, obtain DNA testing under [PCRA] Section 9543.1 if he or she meets all of this statute's pertinent requirements." **Commonwealth v. Wright**, 14 A.3d 798, 817 (Pa. 2011). The record reflects that appellant did not file a motion seeking post-conviction DNA testing pursuant to Section 9543.1, seemingly because he filed that petition on August 6, 2002, which was prior to the September 3, 2002 effective date of Section 9543.1. The record is clear, however, that the underlying goal of appellant's first PCRA petition was to obtain DNA testing. The record further reflects that the PCRA court denied that petition because appellant's "conviction rest[ed] largely on his own confession" and, therefore, "his assertion that the outcome of his trial would have been different if counsel had sought out DNA testing [] is without merit." (PCRA court notice of intention to dismiss, 1/3/03 at 6.) It was after appellant was foreclosed from obtaining state-based relief in his quest for DNA testing that he sought relief in federal court which, after many years, ultimately proved successful. We, therefore, find that appellant has met the requirements for the new-facts exception, and we have jurisdiction to entertain this appeal.

The record reflects that the results of the biological evidence obtained from the rape kit used to gather evidence in connection with the June 30,

1998 rape[3] were set forth in the January 31, 2013 report and the October 5, 2014 supplemental report. The record further reflects that the January 31, 2013 report concluded that "[appellant] cannot be excluded as a possible contributor of the partial Y-STR profile obtained from the epithelial fraction (EF) of sample CCB1243-0152-E03a." (Appellant's letter request for evidentiary hearing, 1/21/16 at Exhibit "A"; Docket # 67). The October 5, 2014 supplemental report was issued "due to a request for additional testing" in which 3 of the 18 previously tested samples were retested. (*Id.* at Exhibit "B".) The report concludes that:

> [t]he partial Y-STR profile obtained from the epithelial fraction (EF) of sample CCB1243-0152-R07 is consistent with a mixture of at least two individuals.
>
> Due to the limited data obtained and the possibility of allelic drop out, no conclusions can be made on this partial mixture Y-STR profile.

*Id.*

Therefore, the October 5, 2014 supplemental report was inconclusive. Indeed, by appellant's own admission, he "[can]not be excluded as a potential perpetrator of the first completed rape." (Appellant's brief at 33.)

---

[3] The record reflects that rape kits were used to gather biological evidence in connection with the June 30, 1998 and August 31, 1999 rapes. It appears that no rape kit was used in connection with the November 12, 1998 incident because the crime committed was attempted rape. Additionally, appellant did not seek DNA testing of the rape kit used in connection with the August 31, 1999 rape because appellant maintains that that sexual act was consensual.

Clearly then, because the DNA test results do not exclude appellant from having committed the June 30, 1998 rape and would not conclusively exculpate him from having committed that rape, the admission into evidence of those test results would not have changed the outcome of appellant's trial. *See* 42 Pa.C.S.A. § 9543(a)(2)(vi) (requiring that for a petitioner to be eligible for PCRA relief, the petitioner must prove by a preponderance of the evidence that his conviction resulted from "the unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced".).

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/17/2017

- 15 -